PER CURIAM:
Claimant brought this action for vehicle damage sustained when his son was operating his vehicle and struck a low railroad trestle while traveling on Route 219/6, Pigeon Creek Road, in Oakvale. Route 219/6 is a road maintained by *146 respondent in Mercer County. The Court is of the opinion to make an award in this claim for the reasons more folly set forth below.
The incident giving rise to this claim occurred on July 8, 1999, at approximately 6:0 0p.m. O n the evening in question, claimant’s son, Richard G. Oxley, was traveling along Route 219/6 in his father’s 1969 two ton Ford truck, installed with a cattle rack and water tank, to get water for his cattle at Pigeon Creek. Claimant’s other son, Danny J. Oxley, followed claimant’s truck in another vehicle to assist his brother. While claimant’s son frequently travels this one lane road, the last time he was on the road was about one year ago. On the way to Pigeon Creek on Route 219/6, there is a railroad trestle that claimant’s vehicle must pass beneath. Unbeknownst to claimant and his sons, Route 219/6 had been paved, raising the height of the road as well as lowering the clearance of the railroad trestle to nine feet, two inches. There was no clearance limit sign posted on the trestle.
As claimant’s son proceeded along Route 219/6 at a speed of about fifteen to twenty miles per hour, he came upon the railroad trestle. In the past, the nine foot, four inch truck had no difficultly passing under the trestle. However, on this occasion, as claimant’s vehicle passed beneath the trestle, the top of the cattle rack struck the bottom of the trestle. The impact destroyed the cattle rack. Claimant’s sustained a loss in the amount of $269.74 for the raw materials to rebuild the cattle rack. I n addition, c laimant s ought tor ecover the s um o f $40 3.00 f or h is s on’s, Richard G. Oxley, labor in repairing the vehicle. Since claimant’s vehicle was insured under a liability policy only there was no insurance coverage for this incident.
In the present claim, the evidence adduced at the October 28, 1999, hearing established that respondent was negligent in its maintenance of Route 219/6 at the railroad trestle. When respondent paved the road and raised the height of the road at the site of the trestle, it had a duty and obligation to warn motorists of the lower clearance for the trestle. The failure of respondent to warn motorists of the lower clearance constituted negligence for which claimant may recover his loss of $269.74. As for the cost of labor performed by claimant’s son, the Court presumes that his labor was provided gratuitously. See Gibson vs. McGraw, 175 W.Va. 256; 3 32 S.E.2d 269 (1985).
In view of the foregoing, the Court is of the opinion to and does make an award in the amount of $269.74.
Award of $269.74.